## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRADD GOLD, Individually and on Behalf of All Others Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 10-587-LPS |
| | : | |
| FORD MOTOR COMPANY and FORD MOTOR COMPANY CAPITAL TRUST II, | : | |
| | : | |
| Defendants. | : | |

Norman M. Monhait and P. Bradford deLeeuw, ROSENTHAL, MONHAIT & GODDESS, P.A., Wilmington, DE.

    Attorneys for Plaintiff.

Stuart J. Baskin, Jerome S. Fortinsky, and Christopher R. Fenton, SHEARMAN & STERLING LLP, New York, NY.
Jon E. Abramczyk and John P. DiTomo, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE.

    Attorneys for Defendants.

## MEMORANDUM OPINION

April 9, 2013
Wilmington, Delaware.

**STARK, U.S. District Judge:**

Currently pending before the Court is Plaintiff's Motion to Amend Judgment and For Leave to File [Proposed] Second Amended Complaint. (D.I. 33) For the reasons set forth below, the Court will deny Plaintiff's motion.

## I. BACKGROUND

On July 8, 2010, Lead Plaintiff Bradd Gold ("Gold" or "Plaintiff") filed suit against Defendants Ford Motor Company and Ford Motor Company Capital Trust II (collectively, "Ford" or "Defendants"). (D.I. 1) In his Amended Complaint (D.I. 19), Plaintiff asserted four counts against Defendants alleging securities fraud in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)"), 15 U.S.C. § 78j(b); SEC Rule 10b-5 ("Rule 10b-5"), 17 C.F.R. § 240.10b-5; SEC Rule 10b-17 ("Rule 10b-17"), 17 C.F.R. § 240.10b-17; and Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a). On January 14, 2011, Defendants moved to dismiss the Amended Complaint on five separate grounds.[1] (D.I. 21) The Court heard oral argument on the Motion to Dismiss on September 22, 2011. (D.I. 30) On April 2, 2012, the Court granted Defendants' Motion to Dismiss. (D.I. 31; D.I. 32)

The Court granted Defendants' Motion to Dismiss because the Amended Complaint

---

[1]Defendants made the following arguments in support of dismissal: "(i) the plaintiff failed to plead a claim based on Rule 10b-17 because no private right of action is available under that rule and because the defendants provided the requisite notice; (ii) the plaintiff failed to identify a single misstatement made by the defendants or allege the facts necessary to support even the most basic elements of a claim for market manipulation; (iii) the plaintiff failed to allege that the defendants acted with fraudulent intent (scienter); among other things, the plaintiff did not allege that any delay was intentional or even that the defendants obtained any conceivable benefit by providing notice when they did; (iv) the plaintiff did not attempt to plead that he relied on the defendants' purportedly manipulative or deceptive conduct; . . . and (v) the plaintiff affirmatively pleaded that his purported loss was caused by the decision as to when the 'ex-date' would be – a decision not made by the defendants, but by the NYSE." (D.I. 36 at 2-3)

failed to state a claim for a Section 10(b) violation on which relief could be granted.
Specifically, the Court concluded that the Amended Complaint failed to allege at least one
necessary element of a Section 10(b) claim: loss causation. In its opinion, the Court also noted
that the law is unclear as to whether Rule 10b-17 confers a private right of action.

On April 27, 2012, Plaintiff filed the pending Motion to Amend. (D.I. 33) The Court
will deny Plaintiff's motion for the following reasons: (1) there is no private right of action under
Rule 10b-17; (2) Plaintiff fails to adequately plead loss causation; and (3) Plaintiff fails to
adequately plead scienter.

## II.    LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading more
than 21 days after serving it, or more than 21 days after service of a responsive pleading or a
motion under Rule 12(b), (e), or (f), "only with the opposing party's written consent or the
court's leave." Rule 15 further provides that "[t]he court should freely give leave when justice so
requires." *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87) (3d Cir. 1990) (adopting liberal
approach to amendments).

Granting leave to amend is within the Court's discretion. *See Foman v. Davis*, 371 U.S.
178, 182 (1962). In evaluating a request for leave, the Court may consider whether there is
"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue
of the allowance of the amendment, futility of amendment, etc." *Id.*; *see also Oran v. Stafford*,
226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the amended complaint
does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec.*

2

*Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks omitted).

## III.   DISCUSSION

### A.   Rule 10b-17 Does Not Provide a Private Right of Action

No court has yet to recognize a private right of action under Rule 10b-17. On the other hand, neither has any court expressly rejected the existence of such a private right of action.

In its earlier opinion, the Court observed that the text of Rule 10b-17 does not appear to reflect an intent to confer individual rights upon a class of beneficiaries or to any class of persons. (D.I. 31 at 7-8) Plaintiff unpersuasively cites to three cases in support of the assertion that Rule 10b-17 provides plaintiffs with a private cause of action. (D.I. 24 at 7) Plaintiff acknowledges, however, that none of these cases clearly recognized a private cause of action. *See Lowry v. Balt. & Ohio R.R. Co.*, 707 F.2d 721, 721-23 (3d Cir. 1983) (affirming dismissal of federal claims); *Lutgert v. Vanderbilt Bank*, 508 F.2d 1035, 1038-39 (5th Cir. 1975) (suggesting in dicta it is "conceivable" that seller might have claim for failure to comply with Rule 10b-7); *Pittsburgh Terminal Corp. v. Balt. & Ohio R.R. Co.*, 680 F.2d 933, 941-42 (3d Cir. 1983) (noting Rule 10b-17 is source of duty to speak but holding only that cause of action arose under Rule 10b-5); *see also* D.I. 24 at 7 (Plaintiff describing these cases as containing "implication" that cause of action exists under Rule 10b-17).

Subsequent to *Lowry*, *Lutgert*, and *Pittsburgh*, the Supreme Court clarified the scope of private actions under Section 10(b) and has warned against expanding such actions. *See*

3

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 162-63 (2008). To find a

private right of action under Rule 10b-17, the Court must "determine whether Congress *intended*

*to create a federal right*." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) (emphasis in

original). There is no private right of action if the language of Rule 10b-17 "grants no private

rights to any identifiable class." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 576 (1979).

Alternatively, there may be a right if the statutory text is "phrased in terms of the persons

benefited." *Gonzaga*, 536 U.S. at 284 (internal quotation marks omitted). Even when a statute

uses right-creating language, the plaintiff must show that the statute is intended to create a

private right and remedy. *See id.*

The Section 10(b) private cause of action does not arise from an express statutory grant;

rather, it is "a judicial construct that Congress did not enact in the text of the relevant statutes."

*Stoneridge*, 552 U.S. at 164. In part because the Section 10(b) private cause of action is a

"judicial creation," the Supreme Court has "caution[ed] against its expansion," *id.* at 165,

explaining that "the breadth of the right once recognized should not . . . grow beyond the scope

congressionally intended." *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1085 (1991).

The Court concludes that there is no "intentionally and 'unambiguously conferred'"

private right of action under Rule 10b-17. *See Three Rivers Ctr. for Indep. Living, Inc. v. Hous.*

*Auth. of the City of Pittsburgh*, 382 F.3d 412, 419-20 (3d Cir. 2009) (quoting *Gonzaga*, 536 U.S.

at 283). The text of Rule 10b-17 is not phrased in terms of any benefited class or person; nor

does it appear to reflect any intent to confer individual rights. Instead, Rule 10b-17 requires

notice be provided to the National Association of Securities Dealers, Inc., not to investors. *See*

17 C.F.R. § 240.10b-17 (2010). Whether investors like Plaintiff may benefit from Rule 10b-17

4

notice is a different question than whether a statute is intended to benefit investors. Rule 10b-17 does not use rights-creating language. Thus, the text falls short of creating a private right or remedy. Accordingly, and consistent with the Supreme Court's caution against expanding the existing Section 10(b) private cause of action, the Court concludes that there is no private right of action under Rule 10b-17.

**B.    Plaintiff's Proposed Amendments Are Futile**

An amendment to a complaint is futile if it does "not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Given the Court's determination above with respect to the lack of a private right of action under Rule 10b-17, Plaintiff's proposed amended claims could not survive a renewed motion to dismiss and the proposed amendments are futile.

Additionally, even if there was a private right of action under Rule 10b-17, Plaintiff's proposed Second Amended Complaint would fail to state a claim for at least the reasons discussed below.

**1.    Plaintiff Fails to Adequately Plead Loss Causation**

The essential elements of a Section 10(b) claim are: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge*, 552. U.S. at 157; *see also McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007). In granting the prior motion to dismiss, the Court held that Plaintiff failed to alleged loss causation. This was based on the

5

Court's conclusion that "the NYSE's actions constitute an intervening cause that disrupted the chain of causation necessary for Gold to adequately plead loss causation." (D.I. 31 at 10-11)

Plaintiff's proposed Second Amended Complaint fails to cure this deficiency. Two new paragraphs of the Second Amended Complaint set forth the customary practice of the NYSE to set an ex-dividend date two business days prior to the record date. Plaintiff alleges that if Ford had provided ten days of advance notice, the NYSE would not have departed from its customary practice. (D.I. 33 ¶¶ 23-24) In essence, Plaintiff argues that the Second Amended Complaint states that the NYSE's actions were a result of Ford's alleged failure to provide ten days notice of the distribution. Plaintiff had made the same argument previously and the Court rejected it. (D.I. 31 at 10-11) The Court finds nothing in Plaintiff's proposed amendments to justify altering this conclusion. (*See generally* D.I. 30 at 51 (Plaintiff's counsel agreeing, "If the NYSE had done nothing, Mr. Gold would not have been harmed."); D.I. 33-1 ¶ 24 ("Had Ford provided 10 days advance notice of the Distribution as SEC Rule 10b-17 requires, the NYSE would not have varied from its typical practice and would not have adjusted the ex-distribution date with regard to the Distribution."))

## 2.    Plaintiff Fails to Adequately Plead Scienter

The Court further concludes that Plaintiff has failed to adequately plead the necessary element of scienter, i.e. a wrongful state of mind. In order to satisfy the scienter pleading requirement, "the complaint shall . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). A strong inference of fraudulent intent or recklessness arises when it is "more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of

6

nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

Conclusory statements that a defendant must have had knowledge of its violation, and therefore

fraudulent intent, are insufficient to plead scienter. *See In re Advanta Corp. Sec. Litig.*, 180 F.3d

525, 539 (3d Cir. 1999) (stating that allegations of scienter such as motive, intent, intentional,

conscious, or reckless behavior must be plead with particularity, such that "blanket assertions"

are inadequate).

Here, Plaintiff attempts to plead scienter in the proposed Second Amended Complaint by

stating that Defendants understood the requirements of 10b-17, as evidenced by Defendants'

compliance with the rule from 2002 to 2008. (D.I. 33 at 8-9)[2] However, that Defendants had a

consistent record of providing greater than ten days notice does not reasonably lead to a strong

inference that Defendants failure to provide such notice on one occasion was the result of

conscious misbehavior. As the Third Circuit has stated, a "pleading of scienter may not rest on a

bare inference that a defendant must have had knowledge of the facts." *In re Advanta*, 180 F.3d

at 539 (internal quotations omitted).

Plaintiff's allegation that Defendants acted recklessly is inadequate here as well. As

Plaintiff notes, recklessness involves "an extreme departure from the standards or ordinary care."

(D.I. 24 at 14 (quoting *Institutional Investors Grp. v. Avaya, Inc.*, 564 F.3d 242, 267 n.42 (3d Cir.

2009)) The proposed Second Amended Complaint does not allege facts in support of an extreme

departure from the purported standard of ordinary care of providing ten days notice.

---

[2]Plaintiff incorporates by reference its arguments in opposition to Defendants' Motion to Dismiss (D.I. 21) that it adequately pleads scienter. (D.I. 22, 24, 26)

## C.  **Undue Delay**

Given the Court's preceding conclusions, the Court will not address whether Plaintiff's

Motion to Amend should also be denied due to undue delay.

## IV.  **CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiff's Motion to Amend Judgment and

For Leave to File [Proposed] Second Amended Complaint. (D.I. 33) An appropriate Order

follows.

8